

**FILED & ENTERED**

**JUN 15 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Remy      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Shirley Foose McClure<br><br><br><br>Debtor(s). | Case No.: 1:13-bk-10386-GM<br><br>CHAPTER 11<br><br>**MEMORANDUM OF OPINION ON MOTION TO SELL 316 N. ROSSMORE AVE. #307, LOS ANGELES, CA**<br><br>Date:    June 14, 2016<br>Time:    1:00 PM<br>Courtroom: 303 |

  Debtor Shirley McClure brings this motion to sell the real property located at 316 N. Rossmore Ave, #307, Los Angeles, CA 90004 to Glen Meredith and Joanne Valli-Meredith and that the sale be free and clear of liens, claims, encumbrances, and interests.  She further requests that she may pay the secured debt owed to City National Bank and certain other closing costs.  She seeks a finding that the buyer is a good faith buyer under 11 USC §363(m) and that the 14 day stay of FRBP 6004 is waived.

  This is a private sale, not subject to overbid.  Per the agreement with CNB to

forestall foreclosure, this property must be sold.  The property was on the market from June 2014 and has been marketed by three different brokers.  The third broker listed it in the MLS in early April 2016, and on May 2, 2016 the proposed buyer made an offer, which was later agreed to at $919,000.  The sales commission is 4% and the property is being sold "as is where is."  The buyer is also paying the county and city transfer taxes and any private transfer fees.  All contingencies have been removed and the escrow is to close on or before June 20, 2016.

This is an arms-length good faith buyer.  Everything has been disclosed and nothing is hidden.  The Debtor requests that the Buyer be recognized as a "good faith buyer" under §363(m).  Debtor also asks for a waiver of the 14 day stay.

The sale proceeds are to be used to pay closing costs, the 4% brokers' commission (which will be split between John Aaroe Group and Keller Williams), and any remaining property taxes and HOA fees.

Per the agreement with CNB, the payoff is approximately $586,584.02 and that will be paid through escrow.

The remaining proceeds are to be used by the Debtor to fund her Plan as described in her Disclosure Statement.  The estimated proceeds for the estate will be $292,631.66.

Litt Opposition

Litt previously had a lien on this property, which was stripped by the Court.  That is on appeal.

There is no evidence of the current value of the property.  The issue of not having overbids is not based on fact – the CNB forebearance agreement gives McClure

until 90 days after the effective date of plan confirmation.  The earliest that an effective date could occur is mid-January 2017.  So there is no rush.

There is no evidence of the marketing done.  There was no evidence that it was listed on the MLS or that there was an attempt to obtain any backup offers.  There is no current appraisal.  The one attached to the June 3 filing was prepared solely for the lender/Buyers to "evaluate the property that is the subject of the appraisal for a mortgage finance transaction" and not for the purpose of valuing the Rossmore Property for Ms. McClure.

There is not enough information to make a good faith finding.  There is not even a broker's opinion of value.  There is insufficient evidence of a lack of fraudulent conduct during the sale process.

There is no discussion of the tax consequences and how the taxes will be paid.  [Litt notes that McClure's tax lawyer states that the sale will generate $140,980 in administrative tax liability.]

This is another attempt at a sub rosa plan.

There is no cause to waive the 14 day stay.  Litt also wants a stay pending appeal.

Court's Initial Response

On June 8, 2016, the Court entered and served its tentative ruling (dkt. 1047) ordering Ms. McClure to provide further evidence as to the reasonability of the price, the marketing efforts, and the arms-length nature of the transaction.

As requested, on June 10 Ms. McClure filed her declaration and those of Jill Galloway and Russell Roney (dkt. 1055, 1056, 1057).  These demonstrate that the

property has been continually and professionally marketed since June 2014. It has been empty since that date. During this marketing period - by three agents - the only prior offer received was for $800,000, which McClure rejected. The original listing price was $1,165,000 and that was lowered to $999,000 by the initial agent. The second agent started listing it in January 2015 for $1,049,000, but quickly reduced it to $1,039,000. In May 2015 it was again reduced to $949,000. Because of the possibility of foreclosure, the market dried up as people waited for a fire sale.

When this listing expired, the current broker was employed. This was about a year ago. Ms. Galloway, the current salesperson, had shown the property to her clients since late summer 2014. Between January and June 2015 she showed it to at least 12 more potential buyers. Her company took over as the listing broker and they agreed to a listing price of $939,000. The only offer that she received was from the proposed purchaser, who initially offered $875,000. It was later agreed that the sales price would be $919,000.

Ms. Galloway did not know the buyers and she says that McClure does not either. Ms. McClure testified to this at the hearing.

There is also evidence of the tax effect of this sale.

At the hearing, the Court was advised that the buyers' loan commitment will expire on June 24, 2016 and thus the sale needs to close by that date to insure that it will take place.

Ruling

At this time, the use of the proceeds is not in issue. The closing statement lists acceptable payments to be made and the escrow company is to hold the balance.

There are sufficient net proceeds to cover the administrative taxes and still leave about $150,000 for the estate.  This is a vacant property, which is eating up estate assets through mortgage, tax, and maintenance payments.  There is no reason to keep it in the estate.  Litt is well protected by the lien on the Corbett properties.

Given the evidence of the history of the attempts to sell this property and the appraisal filed on June 3 (Ex. B to the Current Value Chart), the Court finds that the $919,000 figure is reasonable and that overbids are unnecessary and highly unlikely to bring a higher price.  This sale is in compliance with the business needs of this estate.

The proceeds can be used to pay the current undisputed liens, taxes, commissions, etc. as set forth on the closing statement.  All other amounts are to be held in escrow pending further order of this court.  If Ms. McClure wishes to use some or all of the remaining proceeds, she is to file a motion for their use – on regular notice – for hearing on July 12, 2016 at 10:00 a.m.

The buyers are found to be good faith purchasers and are protected under 11 U.S.C. §363(m).

As to the requested waiver of the stay under FRBP 6004, Mr. Litt's counsel advised the court that Litt has withdrawn is opposition.  Thus the stay is waived.

####

Date: June 15, 2016

Geraldine Mund
United States Bankruptcy Judge