SHIRLEY FOOSE MCCLURE
3401 Gregory Avenue
Fullerton, California 92833
shirleyfoosemcclure@yahoo.com
Tel: (213) 725-6329

Debtor In Pro-Per

FILED
NOV 01 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SHIRLEY FOOSE MCCLURE<br><br>Debtor.<br><br>SHIRLEY MCCLURE<br>Appellant<br><br>v.<br><br>JOHN REITMAN<br>Appellee. | Case No.: 1:13-bk-10386-GM<br><br>(Chapter 11)<br><br>**APPELLANT'S STATEMENT OF ISSUES ON APPEAL OF ORDER SUSTAINING OBJECTIONS TO FIRST AND SECOND AMENDED SCHEDULE C [DOC #1677, 1720]**<br><br>*[Notice of Appeal Filed 10/25/2019]* |

Appellant Shirley Foose McClure, Chapter 11 Debtor ("Debtor") or ("McClure") in the captioned Chapter 11 bankruptcy case ("Chapter 11") hereby submits her Statement of Issues on Appeal in connection with her appeal from the Bankruptcy

1

Court's *ORDER SUSTAINING OBJECTIONS TO FIRST AND SECOND AMENDED SCHEDULE C [DOC #1677, 1720]*, Docket No. 1615 ("the "Order") entered by the Bankruptcy Court (the "Court") on March 27, 2019:

## I.

## ISSUES ON APPEAL RE ALL FOUR AMENDED EXEMPTIONS

The Appellant filed four amended exemptions to her Schedule C, originally filed in December 2012. These exemptions consisted of two related to the state court lawsuit BC393584 *"McClure v Litt et al"* and two as to the state court lawsuit BC443404 *"McClure v Tidus et al"*. The general issues in all four amended exemptions are:

1. Should the Bankruptcy Court have sustained the Chapter 11 Trustee's ("Reitman") or ("Trustee") and Barrett Litt's ("Litt") Motions objecting to the Debtor's for Amended Schedule C Exemptions?

2. Did the Court err in not clarifying it's order as all portions of the objections were not sustained? (One example McClure did have the right to file her "amended" objections in 2019).

The Appellant's specific issues on appeal as to the two different litigation cases are dealt with separately below.

## II.

## ISSUES ON APPEAL RE "McCLURE v LITT"

A.  **BACKGROUND McCLURE'S NON-ECONOMIC CLAIMS AGAINST LITT**

2

Exemption Objected to: "*McClure v Litt for the Non-Assignable, Non-Transferrable Intentional Infliction of Emotional Distress Claims[1] personal to Debtor*".

McClure's Appeal is not regarding the Trustee's settlement with Litt on the Economic Claims of the McClure Chapter 11 Estate, as plead in the Plaintiff's Complaint filed in July 2008 for:

1) Damages for Professional Negligence;
2) Breach of Fiduciary Duty;
3) Rescission of Agreement Procured by duress and Constructive Fraud.

The Debtor's Appeal is for the non-economic claims of Intentional Infliction of Emotional Distress, Intentional Breach of Fiduciary Duty and Punitive Damages (the "IIED Claims") that pursuant to California Public Policy <u>are not</u> transferrable and are <u>not assignable</u>. McClure's IIED claims are "so personal" to her they <u>did not</u> belong to the Trustee or Chapter 11 estate.

## A.    ISSUES ON APPEAL RE MCCLURE'S "PERSONAL CLAIMS"

3.    Did the Court err in it's understanding of the California State Public Policy and caselaw relevant to the "*so personal*" claims of "*Intentional Infliction of Emotional Distress*" that <u>are not</u> transferrable or assignable?

4.    Did the Court make a clearly erroneous ruling on allowing the Trustee to settle these so personal claims of McClure?

---

[1] ""*Intentional Infliction of Emotional Distress*" in this document encompasses Intentional Infliction of Emotional Damages by a Fiduciary, Intentional Breach of Fiduciary Duty by a Fiduciary and Punitive Damages.

3

5. Did the Court err in not clarifying it's March 27, 2019 Order (Dkt # 1615) denying McClure's Motion For Reconsideration of the October 2018 order approving the Trustee's Settlement with Litt, after explaining on the record the Trustee couldn't settle what did not belong to the estate and telling McClure to go ahead to state court with her so personal non-economic claims[2]?

6. Did the Bankruptcy Court err in its understanding and application of the laws distinguishing "Negligent Emotional Distress" claims" from the tort of "Intentional Infliction of Emotional Distress" claims and made a clearly erroneous ruling?

7. Did the Court err in its understanding and application of the laws distinguishing "Intentional Breach of Fiduciary Duty" claims (that can recover for emotional distress damages) and "Legal Malpractice" claim (no emotional distress damages) and made a clearly erroneous ruling?

8. Did the Court err in making factual findings as to the actions by Litt against his client McClure of a personal nature who he had a fiduciary duty and obligation without ever holding an Evidentiary Hearing, not allowing testimony or cross-examination on McClure's personal claims?

---

[2] The Court during the March 26, 2019 hearing[2] of McClure's Motion For Reconsideration on the Litt Settlement regarding the Debtor's "so personal claims" against Litt, stated on the records that McClure could go ahead and pursue her "personal claims in state court. The Court's March 27, 2019 Order did not clarify this and the Trustee and Litt used in state court asserting the Trustee was allowed to settle all claims including the personal claims of the Debtor and did so.

4

9. Did the Court make clearly erroneous factual finding as to Litt's actions to McClure his client?

10. Did the Court err in asking McClure to file a limited page Report/Presentation of her "*Prima Facia*" case she would use in state court[3] and she did, believing what she was presenting was only her prima facia case, not a report that factual findings would be made from and after McClure filed her Prima Facia case the Court changed its position and didn't allow Litt to respond, or hold an evidentiary hearing?

11. Did the Court err in its understanding and application of the law on the legal obligations of an attorney with a Fiduciary Duty to its client that it is not the same as just any two parties with no fiduciary duties to each other who are in a dispute?

12. Did the Bankruptcy Court make a clearly erroneous ruling that the Trustee was entitled to McClure's "so personal claims for Intentional Infliction of Emotional Distress, Intentional Breach of Fiduciary Duty and Punitive Damages, because there were no other prior caselaw decisions where an attorney had taken the actions against their client like Litt did with his client of inappropriate sexual behavior, physical assault, fraudulent behavior for financial gain, emotional manipulation and inflicting severe emotional distress on a physically and emotionally vulnerable client he was representing in a civil rights actions and had access to her

---

[3] McClure filed her Prima Facia case on 7/26/2018, Docket # 1498.

physical and emotional records. A client who Litt promised to help rebuild her life, instead made impossible demands on and controlled her life, retaliating and punishing her if she didn't comply. Instead he lied and manipulated McClure for financial advantage which he achieved at the great detriment to McClure. Litt's manipulation included taking McClure to joint psychiatric and psychologist sessions with his doctors, trying to get her to take powerful anti-psychotic drugs and acting as in Litt's own words "her doctor" to control every aspect of her life. Insisting he be on her personal small bank account, so he could control everything she did. Insisting Litt make himself a joint tenant on her condo, insisting he be entitled to share in her portion of the Long Beach settlement because she "owed him" because she was nothing when she became his client and he deserved not only his share but hers also?

13. Did the Court err in depriving McClure of her due process rights by denying her an opportunity of at least an evidentiary hearing to present witnesses, allow the defendant Litt to present evidence and testimony and for McClure to cross-examine them, before the Bankruptcy Court made its factual finding that Litt's actions did not meet the Emotional Distress exception criteria of the 9th Circuit as stated in "Suter v Goedert, 396 B.T. 535":

> *"The Court can envision three related reasons for finding an action to be so personal as to exclude it from the bankruptcy estate: (1) permitting the debtor to prosecute intimately personal claims serves as a type of catharsis for the debtor; (2) it seems unfair to allow a defendant to "buy" his or her own wrong and to keep it from public scrutiny; and (3) compensation for personal injury claims are intended to make a plaintiff whole, not merely to pay off a debt.*

*Suter .v Goedert*, 396 B.R. 535, 546 (D. Nev. 2008)"

The Bankruptcy Court must make an informed decision and cannot do this if using clearly erroneous factual findings?

14.  Did the Court err in ruling Emotional Distress claims of a nature McClure has stated, must involve physical injuries to be recoverable to meet the 9th circuit exemption in "Suter"?

15.  Did the Court err in changing positions when starting in November 2009 stating on the record, McClure's claims against Litt should be heard in state court and finally when the economic issues in the case were settled and McClure should have been able to go forward with her non-economic claims that are not <u>core claims</u> in the bankruptcy and no evidentiary hearing was ever heard, factual findings were made making this not possible unless the March 27, 2019 order is corrected?

**B.   ISSUES ON APPEAL RE MCCLURE'S AMENDED EXEMPTION UNDER C.C.P. SECTION 703.140(B)(11)€ REASONABLY NECESSARY FOR SUPPORT**

Exemption Objected to:  "*McClure v Litt,* exemption under C.C.P. 703.140(b)(11)€ exemption for funds from the $800,000.00 settlement for the economic portion claims in McClure v Litt BC393584, for the minimal upon showing of need necessary for support.

7

McClure is now permanently disabled and not able to support herself since her eldest son's death and has ongoing daily medical & living expenses not met by her social security benefits.

16.  Did the Court err in not allowing McClure an exemptions for a portion of the $800,000 economic claim settlement be used for McClure's reasonably necessary support, upon showing of proof of need?

# I.

## ISSUES ON APPEAL RE "McCLURE v TIDUS"

**C.   McCLURE'S POSSIBLE ECONOMIC CLAIMS AGAINST TIDUS et al DEFENDANTS.**

McClure's Exemption Objected to: *"C.C.P. SECTION 703.140(B)(11)€ REASONABLY NECESSARY FOR SUPPORT"*

McClure is seeking an exemption from either a judgement or settlement in the Tidus litigation for lost future earnings due to the Tidus defendant's actions.  One of the economic claims in the Tidus state court case is for lost earnings that would be generated by the rental properties.  McClure was in the rental property business.

The lost rental property earnings represented lost future earnings from the rental properties as she grew older or would be unable to support herself.  The Appellant is now in her late 70's and permanently disabled.  She lives on social security for a monthly income.  The social security does not meet her daily living and medical needs due to her condition.   She is seeking the minimum, upon proof, of need for her support.  Her condition is not reversible and is getting progressively worse.

17.   Did the Court err in not allowing McClure an exemptions for a portion of any economic claim judgment or claims settlement be used for McClure's reasonably necessary support, upon showing of proof of need?

D.   **McCLURE'S POSSIBLE NON-ECONOMIC CLAIMS AGAINST TIDUS et al DEFENDANTS.**

Exemption Objected to: *"McClure v McClure for the Non-Assignable, Non-Transferrable IIED Claims personal to debtor.*

It is unknown at this time if the state court judge will allow discovery to reopen and McClure to amend the complaint..   This amended exemption is being filed at this time and if approved would only be effective if the Tidus litigation goes forward and McClure is able to amend the complaint to add this cause of action.

18.   Did the Court err in not allowing this exemption if McClure is able to amend the complaint in McClure v Tidus and obtain a recovery for personal claims in the Tidus litigation?

Respectfully submitted,

Date: October 31, 2019

By: *Shirley McClure*
SHIRLEY MCCLURE
Debtor, In Pro-Per

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3733 Grand Avenue, Huntington Park, Ca 90255

A true and correct copy of the foregoing document entitled: **APPELLANT'S STATEMENT OF ISSUES ON APPEAL OF ORDER SUSTAINING OBJECTIONS TO FIRST AND SECOND AMENDED SCHEDULE C [DOC #1677, 1720]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**2. SERVED BY UNITED STATES MAIL:**
On ( ), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| John Reitman, Jon Dalberg<br>LANDAU GOTTFRIED & BERGER LLP<br>1880 Century Park East, Suite 1101<br>Los Angeles, CA 90067<br>jdalberg@lgbfirm.com | George Schulman<br>DANNING GILL DIAMOND & KOLLITZ<br>1900 Avenue of the Stars, 11th Floor<br>LOS ANGELES, CA 90067<br>georgeschulman@dgdk.com |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served}: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date11/1/2019*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**HONORABLE GERALDINE MUND**
United States Bankruptcy Court
San Fernando Valley Division
21011 Burbank Blvd., Suite 312
Burbank, Ca 91367
**By personal service**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/1/2019 | MARIA RIVERA | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |