FILED & ENTERED

MAR 01 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

Shirley Foose McClure

Debtor(s).

Case No.: 1:13-bk-10386-GM

CHAPTER 11

**TENTATIVE RULING WHICH WAS ADOPTED AS MEMORANDUM OF OPINION ON ORDER TO SHOW CAUSE RE: CONTINUED EMPLOYMENT OF LANDAU LAW, LLP AS ATTORNEY FOR THE TRUSTEE [dkt. 1965]**

Date:          March 1, 2022
Time:          10:00 AM
Courtroom:  303

THE FOLLOWING IS THE TENTATIVE RULING (MODIFIED ONLY TO CORRECT SOME TYPOGRAPHICAL ERRORS) WHICH THE COURT NOW ADOPTS AS ITS MEMORANDUM OF OPINION:

The basis of the OSC is that Rodger Landau, managing partner of Landau Law, has asserted on behalf of himself and of Landau Law that I am biased against him and the firm. [See USBC CAC 13-10386, dkt. 1955; USDC CAC 8:22-cv-00177-CJC] The

1  | details of the OSC demonstrate how the conflict that Mr. Landau has created makes it

2  | impossible for his firm to go forward as counsel for the Trustee.

3  |       Mr. Landau, on behalf of the firm, has filed a non-opposition because I will not

4  | recuse myself from this case.

5  |       Mr. Reitman, the trustee, argues that under the test of *In re Christ's Church of*

6  | *Golden Rule*, 165 F.2d 1007 (9th Cir. 1948) this is not "the rarest of cases" and thus the

7  | Court should continue to allow him to choose his own counsel.  However, his brief

8  | barely touches on the fact that the firm that is his counsel has asserted that I am biased

9  | against it.  About half of his argument is a recap of the difficulties of dealing with Ms.

10 | McClure.  The Court is only too aware of these and has commented on them many

11 | times - orally and in written rulings.  In many ways Ms. McClure has been her own worst

12 | enemy in this case.  But that is not the issue before me at this time.

13 |       Whether Mr. Landau acted properly by inserting himself into this case and

14 | demanding the emails is also not the main issue.  As noted in the OSC, the lack of

15 | independence of Mr. Dalberg, who is serving as Trustee's counsel, in not pointing out

16 | that he was copied on ALL the emails (except the one that merely said "thank you") and

17 | that he initiated about 1/3 of them himself shows the type of conflict that he has due to

18 | Mr. Landau's actions.

19 |       Mr. Reitman states that the Court was correct to transfer the issue of the hiring of

20 | a broker to list Hewitt to another judge. This cuts against his assertion that Landau Law

21 | should remain his counsel.  The only reason that I transferred this issue of employment

22 | was because it is a disputed matter in which Landau Law, as counsel for the Trustee, is

23 | involved.  Does Mr. Reitman suggest that I transfer every disputed matter in this case to

24 | another judge just because his attorney is a firm that has stated that I am biased against

25 | it?

26 |       If the Trustee believes that Mr. Landau has acted correctly in his assertions, it is

27 | hard to believe that he and Mr. Dalberg have remained silent for all of these years.  If he

28 |

1 does not agree with the assertion of bias, he should say so - although that would not

2 lead to a different result as to Landau Law.

3      The problem that has been created was not the result of any action by the Court.

4 The emails were never "ex parte" and had the Trustee requested that they be docketed,

5 he could have done so, if there was a reason.  In fact, his counsel had copies of ALL but

6 one of them, so the Trustee or Mr. Dalberg could have filed them themselves.  Nothing

7 was being hidden, there simply was no reason to put them on the docket. As noted in

8 the OSC, even the four used by Mr. Landau as examples in his request to remove the

9 reference are completely innocuous and three were copied to Mr. Dalberg, while the

10 fourth merely said "thank you" to Ms. McClure's statement that she was sending a copy

11 of something to Mr. Dalberg.

12      Unlike Mr. Reitman's contention that neither the clerk's office, the chief

13 bankruptcy judge, nor I saw no reason not to put them on the docket, this was not a

14 consent that the request was proper and based on a relevant reason.  Transparency is

15 the byword of the day and we intend to be transparent.

16      As noted, this OSC is not the result of any action by the Court.  It is not because

17 Ms. McClure has been a difficult debtor.  It is not because Mr. Landau (and apparently

18 the Trustee) take umbrage at the measured response to Mr. Landau's demand and

19 insinuations when there is no apparent good faith reason for demanding that the emails

20 be produced and docketed (particularly because a member of his firm had been copied

21 on ALL but one of them and had initiated about 1/3 of them). It is because Mr. Landau,

22 in his wisdom as managing partner of Landau Law, has chosen to create the crisis.

23 Perhaps this is an attempt to "judge shop."  Maybe he just wants to get the firm out of

24 this case and not use more valuable attorney time which may never be fully

25 compensated due to the amount in the estate. Or maybe he is having a tantrum or fit of

26 anger.  Perhaps he truly believes that there is a bias.  No matter the reason, I simply

27 cannot let the Trustee be represented by Landau Law.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The fact that Mr. Reitman is a partner at Landau Law did cause concern, but (1) he stated in open court and as an officer of the court that he does not share fees or any information with the law firm when he is acting in his capacity as trustee.  I take him at his word.  It should be noted that Mr. Reitman did not join in with the request to remove the reference and has not stated that I hold any bias toward Landau Law.  On the other hand, as of 2/26 he has not filed anything in the district court disaffirming Mr. Landau's assertions and neither has Mr. Dalberg.  To say that Mr. Landau has put everyone in an uncomfortable situation is a minor understatement.

As to the inability of the Trustee to locate counsel - that is unfortunate.  But not all trustees hire counsel for all cases.  So, perhaps, Mr. Reitman (who is a highly qualified attorney) will have to go forward without counsel.  And another alternative, which I am sure that the Trustee has considered, is to seek to convert this case to chapter 7.  There are serious implications to doing this, although it is questionable whether a confirmable plan can be proposed.  And it certainly may not be an action that Mr. Reitman wants to take - at least not at this time. But a positive outcome as far as hiring counsel is that chapter 7 administrative expenses for such counsel will take priority of distribution over other administrative expenses under chapter 11.  §726(b).

Again, although Mr. Reitman tries to place blame on the Court and on Ms. McClure for the current situation, all of this was caused by Mr. Landau's insertion into the case and his rash actions.  It is most unfortunate that it is Ms. McClure and other parties who may have to suffer due to the delays and additional expenses caused by Mr. Landau's actions.

Going back to the test of *In re Christ's Church of Golden Rule* and whether this is "the rarest of cases," it should be noted that that case from 1948 has only been cited twice (actually only once because it was in the same case at two different levels) and those deal with the court's decision to disallow the initial appointment of any attorney for the trustee because of the size of the estate. *In re Rheam of Indiana, Inc.*, 1989 U.S.

1   Dist. LEXIS 18335, PA(E) 5/31/1989; *In re Rheam of Indiana, Inc.*, 111 B.R. 87 (Bankr.

2   PA(E)) 1990.

3          Beyond that, in my 38 years on the bench I have never heard of this kind of

4   situation in which the law firm of Trustee's counsel asserts under oath that the judge is

5   biased against them.  Further, this arose during a question of whether that law firm has

6   a conflict that - if proven - might disqualify it or impact its fees or scope of employment.

7   Further yet, that this should arise for the first time some six or more years into the

8   employment of that firm.  Truly, this is "the rarest of cases."  Mr. Reitman may certainly

9   choose his own qualified counsel - but it cannot be Landau Law.

10         As noted in the OSC, this will become effective on the conclusion of the appeal

11  period unless a stay pending appeal is granted.

12

13  ###

14

15

16

17

18

19

20

21

22

23

24         Date: March 1, 2022                    _____
                                                    Geraldine Mund
25                                                  United States Bankruptcy Judge

26

27

28