**FILED & ENTERED**

**MAY 24 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Shirley Foose McClure<br><br>Debtor(s). | Case No.: 1:13-bk-10386-GM<br><br>CHAPTER 11<br><br>**TENTATIVE RULING ON ORDER TO SHOW CAUSE AS TO CONVERSION OF THIS CASE FROM CHAPTER 11 TO CHAPTER 7**<br><br>Date:    May 24, 2022<br>Time:    10:00 AM<br>Courtroom: 303 |

THE FOLLOWING IS THE TENTATIVE RULING FOR THE ORDER TO SHOW CAUSE AS TO CONVERSION OF THIS CASE FROM CHAPTER 11 TO CHAPTER 7.  AT THE HEARING ON MAY 24, 2022, IT WAS ADOPTED BY THE COURT – WITH CERTAIN MODIFICATIONS STATED ON THE RECORD AT THE HEARING.

At the hearing on April 5, 2022, the Trustee stated that he does not believe that there is a probability of a confirmable Plan of Reorganization and the Court also stated that there was no evidence that such a Plan can be proposed and confirmed.  Also, this appears to be an administratively insolvent case.  Further, the Trustee said that he is

unable to hire new counsel because of the lack of administrative solvency and that he is unwilling to go forward as trustee without counsel.

At the May 3, 2022 hearing on the proposed settlement with the Tidus defendants, Mr. Reitman reversed his position and stated that he is prepared to go forward without counsel and to wind up this case and, apparently, no longer wishes conversion. As of May 20, he has not filed an opposition to the OSC re: conversion, nor has he filed a response to the Landau Law opposition.

On May 9, Landau Law filed an opposition on the grounds that this is not the right time to convert in that the Tidus Settlement can be completed and also Coldwell Banker has been hired to sell the Hewitt property. Landau Law tempers its comments with the statement that "Mr. Reitman is a spectacular professional and a fabulous person. Landau Law does not wish to overburden him by requiring him to continue in a case that has become so fundamentally unpleasant. It is Landau Law's understanding that Mr. Reitman is willing to limp along – without counsel – at least for an additional month or two so that the above-described issues can be resolved. Landau Law thanks him in advance for being willing to accommodate Landau Law's concern."

Landau Law also states that the Court must recuse itself.

On May 19, Ms. McClure filed an objection to the Landau Law opposition. In summary, she does not oppose conversion or desire it. She just wants a new trustee, especially stating that the new trustee should be from the chapter 7 panel. In that way the OUST will have less discretion in that "Mr. Reitman has stated that Peter Anderson is his personal friend and he has represented him in numerous legal matters."

Ms. McClure goes on to assert the relationship between Mr. Reitman, Roger Landau, and Landau Law. She claims that he is not disinterested and has done a poor job in administering this estate.

Proposed Ruling

Conversion of a chapter 11 case to one under chapter 7 is governed by 11 USC §1112. In this situation the Order to Show Cause falls under 11 USC §1112(b) and the power of the Court to set such a matter is granted in 11 USC §105(a). Cause must exist and included in that requirement is §1112(b)(4)(A): "substantial or continuing loss to or diminishment of the estate and the absence of a reasonable likelihood of rehabilitation." There is a further list of items that are "cause," but that list is not exclusive. It is clear that the inability to propose and confirm a plan constitutes "cause." 7 Collier on Bankruptcy P 1112.04 that "Courts that have analyzed section 1112(b)(4) almost unanimously conclude that the list of the items that constitute cause is not exclusive..." and the cases cited in support of that statement. No one has suggested that the disclosure statement and confirmation process can be completed or even begun – particularly now that Mr. Reitman asserts that he must remain without counsel so long as this is a chapter 11 case.

As to the content of the Landau Law opposition, any statements or reports of the intent of Mr. Reitman are hearsay and will not be considered. Mr. Reitman is perfectly capable of filing his own opposition and has not done so. Therefore, the Court assumes that he has no opposition to conversion. As to the substantive part of the argument, conversion to chapter 7 does not mean that Mr. Reitman can no longer serve as the trustee. That will be up to the United States Trustee, who may decide to appoint Mr. Reitman or not, should Mr. Reitman choose to remain in that role. And, of course, the issue of hiring counsel will have vanished because chapter 7 administrative claims have priority over chapter 11 ones. 11 USC §726(b). Again, just to make it clear, the

apparently adminIstrative insolvency of the case, the inability to propose a confirmable plan, the reluctance of Mr. Reitman to seek counsel or to willingly represent himself, and the benefit of the priority of chapter 7 administrative expenses all point to the need to convert this case without delay.

Ms. McClure's desire that there be a new trustee and that it is someone from the panel is understandable given the hostility in this case, but it is not immediately within the power of this Court. The trustee is appointed by the OUST, not by the judge. However, under certain circumstance, I can remove the trustee for cause [11 USC §324]. Should this continue in chapter 11 and should Mr. Reitman continue to assert that he cannot perform his duties without an attorney and that he cannot hire counsel due to the apparent administrative insolvency, that may be grounds to remove him so long as it is clear that a new trustee would be able to fully complete this case with or without counsel. At this time I have no such assurances.

As to Ms. McClure's claim of Mr. Anderson's partiality for Mr. Reitman, that is not before me because I am not in the process of approving the selection or appointment of a trustee.

However, Mr. Landau does raise an interesting point when he argues that Mr. Reitman has only a short-term commitment to this case. This is, of course, the exact opposite concern of Ms. McClure. She wants Mr. Reitman out of this case as soon as possible, preferably immediately. The Court wants continuity from this point forward to the end of the case, whether that is with or without Mr. Reitman as the trustee.

Having said that, I would like to hear from Mr. Reitman as to the future of this case, his expected continued involvement, and what HE believes is the best way to wrap up this case for the benefit of all parties.

-5-

Lastly, as to recusal, that is denied. The Court is not and never has been biased against Landau Law or any member of that firm. The reason for transferring the employment of Coldwell Banker for Hewitt to another judge was because it was at a time when Landau Law was still employed to represent the estate, but after it had sought removal of its fee application on an assertion of bias. There is a high threshold for a law firm that represents the estate - but this is no longer the situation of Landau Law, which is merely a creditor in this case.

###

Date: May 24, 2022

Geraldine Mund
United States Bankruptcy Judge