FILED & ENTERED

JUN 06 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Shirley Foose McClure<br><br>Debtor(s). | Case No.: 1:13-bk-10386-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING AND MEMORANDUM OF OPINION AS TO THE FIRST FEE APPPLICATION OF SHULMAN BASTIAN FRIEDMAN & BUI [DKT. 2344]**<br><br>Date:    June 6, 2023<br>Time:    10:00 AM<br>Courtroom: 301 |

  The first fee application of Shulman Bastian Friedman and Bui came on for hearing as stated above. Leonard Shulman appeared on behalf of the firm. Although other parties were present, none participated in the hearing. Mr. Landau, the only objector, did not appear at the hearing. The tentative ruling (set forth below) was posted on the Court's calendar program on Sunday, June 4.

//
//
//

-1-

The tentative ruling, adopted as the memorandum of opinion is as follows:

The Firm of Shulman Bastian Friedman & Bui LLP was hired by the Trustee as Special Fee Review Counsel for the Chapter 7 Trustee, with the task of reviewing the fee application for Landau Law LLP as attorney for the Chapter 11 Trustee. Mr. Landau objected to the employment on the ground that Mr. Shulman sought to extort Landau Law by contacting it to seek a material discount of the Landau Law fees or Landau Law would face a very unpleasant audit process. (See dkt. 2074) The Court deferred approving the employment because the fee application was then pending in the district court.and it appeared that this issue should be raised there. The Shulman firm completed its analysis and report and that was submitted to Judge Slaughter who ruled on the Landau Law fees.

Thereafter, the Court granted the employment application (dkt. 2302). Because Mr. Landau had not raised the extortion issue in the district court, I deemed it to be waived.

Shulman documents fees of $56,612.50 and expenses of $423.97 and states that it will voluntarily reduce the fee request by $6,612.50 to be a total of $50,000. Shulman notes that Judge Slaughter reduced the Landau Law request for compensation by $236,409.10. Landau Law has appealed the employment of the Shulman firm and that is still pending.

The vast majority of the work was in reviewing and analyzing the Landau Law fee application and preparing a detailed report. The Landau Law fee application was about 300 pages long.

Opposition by Landau Law

Mr. Landau asserts that Shulman Bastian breached its duty of care in that it attempted to extort Landau Law rather than attempting to resolve any fee dispute. Instead they should have requested a reduction (if appropriate) and then attempted to negotiate a settlement.

-2-

Had Shulman made a reasonable proposal including the $200,000+ reduced by Judge Slaughter, "Landau Law likely would have agreed to the accommodation." Because Landau Law is the majority Chapter 11 administrative claimant, "more than 50% of any fee reduction by Landau Law gets re-paid back to Landau Law from the limited resources to be paid to Chapter 11 claimants." Thus Landau Law had no incentive to dispute a reasonable fee objection because its unltimate compensation would be relatively unaffected by any such objection.

Reply

No extortion occurred. When the first informal communications was sent. Shulman Bastian had already done a preliminary review of Landau Law's first fee application. This showed that Landau Law was billing for work that should have been done by the Trustee or his staff, that hourly rates for some things were too high, and that time entries did not benefit the Estate. Shulman Bastian was reaching out to avoid the expenses and burden of litigation and to save Landau Law from having its poor billing practices put on the public record.

Clearly a reduction of over $236,000 and the lower interim payment order by Judge Slaughter benefitted the Estate.

Shulman Bastian's fee total is $50,000, not $100,000. The defense of the meritless appeal should not come close to an additional $50,000.

## Analysis and Ruling

While I could nit-pick a few items, they would not even come close to the voluntary $6,000+ reduction.

As to the issue of extortion, this is simply not the case. Mr. Landau asserts that the Shulman firm would not negotiate, but that is exactly what they offered to do. He is the one who rejected the offer to talk. Beyond that, as noted in my order to employ, that

objection is waived in the context of employment.  I find that it is also waived as to this case.

In my 39 years on the bench, I have employed a fee analyst only a handful of times.  But, of course, Mr. Gottlieb and his counsel were new to the case so they would have had to spend a great deal of time to have done the analysis.  And add to that the fact that there was a new judge (one who was not only unfamiliar with the case, but may have had little or no bankruptcy administration experience).  Thus, the use of a special counsel was a wise move.  Had I retained the fee application, I wonder whether the Trustee would have sought a fee analyst because of my intimate knowledge of this case and of the work that was done.  So it was a sound decision to hire the Shulman Bastian firm.

As noted, I do not see any extortion in the communication.  To suggest a unilateral reduction at the beginning is an appropriate strategy.  And it is obvious that a careful fee analysis would be time-consuming and unpleasant.  Mr. Landau now says that he might have agreed to the $200,000+ reduction (about 16%), but that is hindsight.  And without the Shulman Bastian firm doing more than a preliminary review, it would not know whether that was a reasonable figure.  To ask Mr. Landau to suggest an opening figure is not extortion or a breach of any duty.

Allow fees in the amount of $50,000.  Costs of $423.97.  However, because of the pending appeal of the employment of Shulman Bastian, no payment will be allowed until that is resolved.  I also would like to hear from the Trustee as to whether this should be drafted as a contingent order to be triggered by a final ruling on the appeal.  It does not seem like a good idea to have the appeal time running on this order when there is no assurance that the Shulman Bastian Employment Order will be affirmed.

//
//
//

But, perhaps, it is best to make this a final order so that any appeal can go to the same district judge.

###

Date: June 6, 2023

Geraldine Mund
United States Bankruptcy Judge

-5-